**UNITED STATES of America,**

v.

**Joseph KALWAYTIS, Appellant.**

No. 02–1941.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 31, 2002.

Decided Dec. 5, 2002.

Before NYGAARD and WEIS, Circuit Judges and IRENAS,\* District Judge.

OPINION OF THE COURT

IRENAS, Senior District Judge.

Appellant Joseph Kalwaytis appeals the District Court's final judgment of sentence entered on March 18, 2002. Kalwaytis argues that the District Court erred in its application of § 5K1.1 of the United States Sentencing Guidelines by granting the government's motion for a downward departure but not actually departing from the original guideline range. We will affirm the sentence entered by the District Court.

Kalwaytis entered into a Plea Agreement on July 20, 2001 and thereafter provided assistance to the government in its investigations of unrelated criminal activity. While Kalwaytis' assistance failed to lead to any convictions it was considered moderately helpful to the government. As a result, the government moved for a

---

\* Honorable Joseph E. Irenas, Senior District Judge for the United States District Court for the District of New Jersey, sitting by designation.

downward departure in his sentence of one offense level from the original guideline range of 24 to 30 months. The District Court granted this motion and sentenced Kalwaytis to 27 months in prison, the maximum allowed under the reduced guideline range of 21 to 27 months. Kalwaytis argues that the District Judge, by imposing a sentence within the original guidelines, essentially did not grant the motion for a downward departure and therefore misinterpreted or misapplied the law.

When a sentence is lawfully imposed and within the appropriate guideline range this Court lacks jurisdiction to review the District Court's decision. *United States v. Torres,* 251 F.3d 138, 151–52 (3d Cir.2001); *United States v. Graham,* 72 F.3d 352, 358 n. 8 (3d Cir.1995). In this case, the sentence imposed by the District Judge was within the appropriate guideline range and was not unlawfully imposed.

The District Court clearly implied that had it not granted the downward departure Kalwaytis would have been sentenced to 30 months in prison. "It's clear to me that you deserve a sentence of 30 months, at the very highest end of the guideline range." (Sentencing Tr. at 30.) Instead, the District Court apparently reduced the sentence by three months to the highest end of the lower offense level. By doing so, the District Court therefore did grant the downward departure requested by the government and did impose a sentence within the appropriate guidelines. There was nothing unlawful in the District Court's decision to take into account the cooperation of Kalwaytis with the government and reduce his sentence accordingly.

Simply because the sentence imposed was still within the guidelines of the original offense level does not mean that a downward departure was not granted. In this case, the District Court apparently reduced Kalwaytis' sentence by three months through the downward departure. As the sentence imposed was within the appropriate guideline range of 21 to 27 months and was lawfully imposed by the District Court, this Court has no jurisdiction to review that sentence. Accordingly, we will affirm the sentence imposed by the District Court.